ORIGINAL
FILED
10 NOV 23 PM 2:12

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

Peter A. Davidson (SBN 76194)
pdavidson@ecjlaw.com
**ERVIN, COHEN & JESSUP LLP**
9401 Wilshire Boulevard, Ninth Floor
Beverly Hills, California 90212-2974
Telephone (310) 273-6333
Facsimile (310) 859-2325

Attorneys for Stephen J. Donell, Receiver

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'10 CV 2418 JM WMc

STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates,

    Plaintiff,

v.

BRIAN HEATH HUGHES,

    Defendant.

CASE NO. _____

**COMPLAINT TO AVOID FRAUDULENT TRANSFERS AND RECOVER PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT AND RESTITUTION**

    Plaintiff Stephen J. Donell ("Receiver"), receiver for Learn Waterhouse, Inc. and its subsidiaries and affiliates ("LWI"), avers as follows:

### I.
### INTRODUCTION

    1.    Learn Waterhouse, Inc., was a purported investment company created by Randall T. Treadwell.

///

IDOCS:13326.5:1117208.1

PROPERTY TRANSFERRED; FOR UNJUST ENRICHMENT RESTITUTION

2.      Beginning in approximately December 2003 Learn solicited investments from individuals on promises of enormous returns of as much as ten percent per month.

3.      Certain individuals, known as Senior Member Representatives ("SMRs"), acted as salespeople, bringing in investors and, in turn, received commissions and/or enhanced returns on their own investments.

4.      Other early investors ("Participants") received a substantial amount of money as purported returns on their investments.

5.      LWI was extremely successful in attracting investors and received approximately $84,000,000 in investments.

6.      LWI and several of its principals are defendants in an enforcement action commenced in this Court by the Securities and Exchange Commission ("SEC") on October 12, 2004, entitled *Securities and Exchange Commission v. Learn Waterhouse, Inc., et. al.,* Case No. 04-CV-2037-W(LSP) ("SEC Action").

7.      The SEC alleges in its complaint that LWI was a Ponzi scheme operated in violation of federal securities laws.

8.      On November 1, 2004 Thomas F. Lennon ("Lennon") was appointed receiver for LWI in the SEC Action.

9.      On November 4, 2009 Stephen J. Donnell was appointed as successor receiver for LWI in the SEC Action.

## II.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the SEC Action pursuant to sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933, 15 U.S.C. §§ 77t(b), 77t(d)(1) and 77v(a), and sections 21(d)(1),(21)(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78(u)(1), 78(u)(d)(1), 78u(d)(3)(A), 78U(e) and 78aa.

11.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367 and because this action is ancillary to the SEC Action and the receivership pending before this Court.  Donell v. Kowell, 553 F.3d 762 (9th Cir. 2008).

12.  This action involves the same series of transactions as the SEC Action.

13.  Venue is proper in this district, because this action is ancillary to the SEC Action and the receivership currently pending before this Court.

### III.
### THE PARTIES

14.  The Receiver is the duly appointed and acting permanent receiver of LWI, its subsidiaries and affiliated entities.  The Receiver was appointed by order of the United States District Court, Southern District of California in the SEC Action.

15.  Defendant Brian Heath Hughes ("Defendant") is an individual who resides, on information and belief, in Ozark, Alabama.

### IV.
### GENERAL ALLEGATIONS

A.  **THE SEC ACTION**

16.  On October 12, 2004, the SEC filed a complaint against LWI, Randall T. Treadwell, ("Treadwell") Rick D. Sluder ("Sluder"), Larry C. Saturday ("Saturday") and Arnulfo M. Acosta ("Acosta"), accompanied by an Emergency Ex Parte Application for Temporary Restraining Order and Orders:  (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Appointing a Receiver; (4) for Accounting; (5) for Repatriation of Assets; and (6) Order to Show Cause Re Preliminary Injunction ("TRO").

17.  The Complaint alleges that the Defendant (1) engaged in the offer and sale of unregistered securities in violation of Section 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), and (2) committed fraud in the offer and sale of securities in violation of Section 17(a) of the Securities Act, and (3) committed

1  fraud in connection with the purchase and sale of securities under Section 10(b) of
2  the Securities Exchange Act of 1934 and Rule 10b-5 thereunder.
3      18.    The Court issued a TRO and an Order to Show Cause why the TRO
4  should not be converted into a Preliminary Injunction and why the appointment of a
5  receiver should not become permanent.
6      19.    On November 1, 2004, the Court issued a Preliminary Injunction Order,
7  which continued in effect the terms of the TRO and converted the receiver's
8  temporary appointment to that of a permanent receiver.
9      20.    On September 8, 2005, Treadwell, Sluder, Saturday and Acosta were
10 indicted on federal criminal charges of conspiracy and wire fraud. These criminal
11 proceedings were designated as United States District Court, Southern District of
12 California Case No. 05 CR 1570 W.
13     21.    In light of the criminal indictment against him, on September 21, 2005,
14 Treadwell filed a motion to stay the civil case pending the conclusion of the criminal
15 proceedings.
16     22.    The Court granted Treadwell's motion for a stay, but ordered that the
17 receivership continue and that the terms of the Preliminary Injunction remain in
18 effect, except those provisions which require the defendants to furnish information
19 or records to the SEC or Receiver.
20     23.    On April 27, 2006 the Court held the stay applied to the receiver's
21 efforts to recover funds from Participants or others based on LWI's wrongdoing.
22     24.    The indictment charged, among other things, that Treadwell and his co-
23 conspirators intentionally concealed from investors that new investor funds would
24 be used to pay back earlier investors.
25     25.    The indictment also charged that Treadwell and others caused Cash
26 Cards International, LLC to transfer investor funds received from Acosta's attorney-
27 client trust account back to the same investors, or earlier investors, as ostensible
28 periodic returns on investments.

ERVIN COHEN & JESSUP LLP

26. On June 17, 2008 Treadwell and others were found guilty of conspiracy and wire fraud as charged in the indictment.

27. Following the conviction of all defendants, the stay was lifted on January 12, 2009.

28. On March 20, 2009, the Court granted the SEC's motion for summary judgment and entered a judgment of permanent injunction against the individual defendants in the civil case.

**B.   OPERATION LWI**

29. Treadwell, with the aid of Sluder, Saturday and Acosta, through the operation of LWI and affiliated entities, including Wealth Builders Club, Inc. and Quest International, Inc., solicited money from members of the public ostensibly for participation in high-yield trading programs and venture capital investments.

30. Certain investors, generally those that invested in LWI early on, were recruited or invited by the defendants to become SMRs.

31. SMRs solicited the participation of other investors and were often paid commissions or referral fees in addition to the disbursements on their own investments. Essentially, SMRs acted as sales agents of LWI.

32. Participants who invested in the early stages of LWI often received substantial disbursements, as purported returns on their investments.

33. The funds obtained by the SMRs and Participants consist of (1) amounts transferred directly to them from LWI and (2) amounts transferred to a company known as Cash Cards International, LLC ("Cash Cards") and then withdrawn by the SMRs and Participants from their accounts at Cash Cards.

34. LWI was a Ponzi scheme in which very little of the money obtained from investors was invested in any legitimate investments, and any amounts paid to Participants and SMRs were paid from other investors' funds.

35. LWI's only source of revenue was funds from investors.

36. As a result of the Ponzi scheme perpetrated by LWI and its principles, LWI investors lost millions of dollars.

### C. BRIAN HEATH HUGHES

37. Defendant obtained funds derived from the Ponzi scheme well in excess of the amount he invested with LWI.

38. The prior receiver, Lennon, demanded the return of these funds from Defendant.

## FIRST CLAIM FOR RELIEF

**(For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(1))**

39. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, above, as though set forth herein in full.

40. Defendant invested in the LWI investment program.

41. Defendant received payments from LWI and/or related entities totaling $124,850.00.

42. Some payments made to the Defendant were directed to entities owned and/or controlled by Defendant including Hughes Investment and Hughes Investments.

43. The payments made to Defendant by LWI and/or its related entities were made with the actual intent to hinder, delay or defraud investors in the LWI investment program.

44. Investors in the LWI investment program who did not receive back all of their principal investment are creditors of LWI.

45. LWI presently has one or more creditors whose claim arose either before or after the payments to Defendant.

46. The payments made to Defendant are avoidable by the Receiver under applicable law, including California Civil Code Section 3439.04(a)(1).

47.  The Receiver is entitled to damages from Defendant in a sum of not less than $124,850.00 with interest as provided by law from the date of each payment made to Defendant.

## SECOND CLAIM FOR RELIEF

**(For Avoidance of and Recovery of Fraudulent Transfers Pursuant to California Civil Code Section 3439.04(a)(2))**

48.  The Receiver reavers and incorporates by this reference paragraphs 1 through 38, 40 through 42 above, as though set forth herein in full.

49.  The payments made to Defendant were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

50.  At the time the payments were made to Defendant, LWI was engaged in or were about to engage in a business or transaction for which LWI's remaining assets were unreasonably small in relation to the business transaction.

51.  At the time the payments were made to Defendant LWI believed or reasonably should have believed it would incur debts beyond its ability to pay them as they became due.

52.  LWI presently has one or more creditors whose claims existed prior to the payments to Defendant.

53.  LWI presently has one or more creditors whose claims arose after the payments to Defendant.

54.  The payments to Defendant are avoidable by the Receiver under applicable law, including California Code Sections 3439.04(a)(2).

55.  The Receiver is entitled to damages from Defendant in a sum of not less than $124,850.00, with interest as provided by law from the date of each payment made to Defendant.

## THIRD CLAIM FOR RELIEF

### (For Avoidance of and Recovery of Fraudulent Transfers
### Pursuant to California Civil Code Section 3439.05)

56. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, 40 through 42 above, as though set forth herein in full.

57. The payments made to Defendant were made without Defendant giving a reasonably equivalent value to LWI in exchange for the payments.

58. At the time the payments were made to Defendant LWI was insolvent.

59. LWI presently has one or more creditors whose claims existed prior to the payments to Defendant.

60. The payments to Defendant are avoidable by the Receiver under applicable laws, including California Civil Code Section 3439.05.

61. The Receiver is entitled to damages from Defendant, in a sum of not less than $124,850.00, with interest as provided by law from the date of each payment made to Defendant.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment/Restitution)

62. The Receiver reavers and incorporates by this reference paragraphs 1 through 38, 40 through 42 above, as though set forth herein in full.

63. Defendant received at least $124,850.00 in payments from LWI.

64. The funds received by Defendant were the proceeds of LWI's Ponzi scheme, and were paid from monies obtained from other investors in LWI.

65. As a result, Defendant has profited from the operation of LWI's fraudulent scheme. If permitted to retain the transferred funds, Defendant would be unjustly enriched at the expense of the numerous LWI investors that, in the aggregate, have lost millions of dollars.

///

///

66. As a proximate result of his actions alleged herein, Defendant has received a benefit to which he was not entitled. Defendant therefore has been unjustly enriched, and the Receiver is entitled to restitution in the amount of $124,850.00.

## PRAYER

WHEREFORE, the Receiver prays as follows:

1. For judgment against Defendant for $124,850.00.
2. For interest at the legal rate on the amount of the fraudulent transfers from the date of the transfers.
3. For costs.
4. For such other and further relief as the Court deems appropriate.

Dated: October 13, 2010

Respectfully submitted,

ERVIN COHEN & JESSUP LLP

By: _____
PETER A. DAVIDSON,
Attorneys for Stephen J. Donell,
Receiver

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
STEPHEN J. DONELL, Permanent Receiver for Learn Waterhouse, Inc., its subsidiaries and affiliates

**DEFENDANTS**
BRIAN HEATH HUGHES

FILED

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant 10 NOV 23 PM 2:12
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter A. Davidson (SBN 76194); Ervin Cohen & Jessup LLP, 9401 Wilshire Blvd., 9th Fl., Beverly Hills, CA 90212-2974

Attorneys (If Known)
'10 CV 2418  JM  WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15:77 NTB
Brief description of cause:
Recover Fraudulent Transfers

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 124,850.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE Thomas J. Whelan
DOCKET NUMBER 04-CV-2037-W

DATE 11/22/2010
SIGNATURE OF ATTORNEY OF RECORD
[signature]

**FOR OFFICE USE ONLY**
RECEIPT # 20501   AMOUNT 350.00   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

CR   MS   11/23/10

```
DUPLICATE

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS020501
Cashier ID: msweaney
Transaction Date: 11/23/2010
Payer Name: NORCO DELIVERY SERVICES
----------------------------------
CIVIL FILING FEE
 For: DONELL V BRIAN HEATH HUGHES
 Case/Party: D-CAS-3-10-CV-002418-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 30985
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```